THE STEUBEN COUNTY BANK, PLAINTIFF, *v.* JOHN L. ALBERGER AND OTHERS, DEFENDANTS.

*Attachment — application to vacate by subsequent lienor — on what papers it may be made and opposed — Code of Civil Procedure, §§ 682, 683.*

Under sections 682 and 683 of the Code of Civil Procedure relating to attachments of property, one who has acquired a lien upon property subsequent to its attachment in an action brought by another creditor, to which action he is not a party, can only move to vacate such attachment upon affidavits, made on behalf of said lienor, as in no other way can the existence of his lien be shown.

Such application falls under the second class of cases specified in section 683, and may be opposed by new proof, by affidavit, on the part of the plaintiff, tending to sustain any ground for the attachment recited in the warrant.

APPEAL of Louisa F. Alberger, an attaching creditor of Samuel F. Alberger, the said Samuel F. being one of the defendants herein, from an order of the Special Term in Monroe county, refusing to vacate the plaintiff's attachment in this action as to the property of said Samuel F. Alberger.

*A. G. Rice,* for Louisa F. Alberger, appellant.

*J. F. Parkhurst,* for Steuben County Bank, respondent.

SMITH, J.:

Mrs. Alberger's motion, at Special Term, to vacate the plaintiff's attachment, was founded upon an affidavit stating that after the property of Samuel F. Alberger was attached by the plaintiff, she acquired a lien upon it by attachment, and the ground of her motion was the alleged insufficiency of the affidavits on which the plaintiff's attachment was issued. In opposition to the motion, the plaintiff offered new proof, by affidavits, sustaining the ground for attachment alleged in the warrant. The counsel for Mrs. Alberger objected to such new proof, insisting that as the affidavit on her part did not controvert any of the facts or grounds on which the plaintiff's warrant issued, the plaintiff could not resist the motion with new affidavits.

The additional affidavits, taken in connection with the original

affidavits on which the plaintiff's attachment was issued, established, beyond doubt, the ground recited in the warrant of attachment, that the defendants, John F. and Samuel L. Alberger were, at the time of issuing said warrant, about to assign, dispose of, or secrete their property with intent to defraud their creditors. If, therefore, the additional affidavits were properly received, it will follow that the order appealed from should be affirmed. The question of the admissibility of the new affidavits involves the construction of section 683 of the Code of Civil Procedure, relating to the attachment of property, read in connection with section 682.

Section 682 provides that: " The defendant, or a person who has acquired a lien upon, or interest in, his property, after it was attached, * * * may apply to vacate or modify the warrant," etc. Section 683 provides that: " An application, specified in the last section, may be founded only upon the papers upon which the warrant was granted; in which case it must be made to the court; or, if the warrant was granted by a judge out of court, to the same judge, in court or out of court, and with or without notice, as he deems proper. Or it may be founded upon proof, by affidavit, on the part of the defendant, in which case it must be made to the court; or, if the warrant was granted by a judge out of court, to any judge of the court, upon notice; and it may be opposed by new proof, by affidavit, on the part of the plaintiff, tending to sustain any ground for the attachment, recited in the warrant, and no other, unless the defendant relies upon a discharge in bankruptcy, or upon a discharge or exoneration, granted in insolvent proceedings; in which case the plaintiff may show any matter, in avoidance thereof, which he might show upon the trial."

The meaning of these sections, so far as the question presented is concerned, is not entirely clear. The counsel for Mrs. Alberger contends that the right to attack the validity of an attachment by controverting the facts stated in the affidavits on which it was granted, is confined to the defendants in the action, and that consequently the plaintiff has no occasion to resort to new proof in support of his attachment, and should not be permitted to do so, except in the case of a motion by the defendant to set it aside

upon controverting affidavits; that the right of a lienor, not a defendant, to attack the validity of the attachment, is limited to a motion to vacate it because of the insufficiency of the affidavits on which it was granted; and that he would be deprived of his right to move on that ground, if the reading of an affidavit on his part, showing that he is such lienor, which is necessary to give him a standing in court, entitles the plaintiff to support his attachment by fresh affidavits.

The construction contended for on the part of the plaintiff, is that a motion to vacate an attachment on the ground of the insufficiency of the affidavits on which it was granted, can be made by a defendant only; and that a mere lienor can only move to vacate upon affidavits on his own part.

The latter view was adopted by the judge who held the Special Term, and we are inclined to think it is correct. Section 682 gives, in general terms, the right to the defendant, or a lienor, to move to vacate, etc., the attachment, without prescribing in what way, or before what court or officer it shall be done. Those particulars are provided for by the next section, which manifestly relates to a motion by a lienor, as well as to a motion by the defendant. The subject of its provisions is " an application, specified in the last section." It provides for two classes of applications: one, founded only upon the papers upon which the warrant was granted; the other, founded upon proof, by affidavit, on the part of the defendant. An application of the first class cannot be made by the lienor not a defendant, for the reason that, as he cannot move without showing that he is a lienor, which can only be done by affidavit, he cannot found a motion solely upon the papers upon which the warrant was granted. As, then, a lienor can only move upon proof by affidavit on his own part, his application must necessarily be in the second class, and it may be opposed by new proof, by affidavit, on the part of the plaintiff; limited, however, to such proof as tends to sustain the ground for the attachment recited in the warrant, except in the case specified in the last clause of the section. For this purpose, a lienor must necessarily be regarded as included in the term " defendant," as used in the first clause of the second sentence of section 683. And that was probably the intention of the legislature. Other-

wise, the right of a lienor to move, given by the preceding section, is cut off.

Under the former Code, it was held that since the issuing of a warrant of attachment was no longer the commencement of a legal proceeding, but was merely a provisional remedy in an action, the sufficiency of the affidavits was not a jurisdictional question, but a mere question of regularity in issuing process in the progress of an action (*Morgan* v. *Avery*, 7 Barb., 656), which none but a party to the action, injuriously affected by it, could take advantage of. (*In the Matter of Griswold*, 13 id., 412; *Isham* v. *Ketchum*, 46 id., 43, per SUTHERLAND, J.) Under the old Code, however, a subsequent attaching or levying creditor, could move to vacate an attachment on the ground of fraudulent collusion between the plaintiff and defendant. It is hardly reasonable to suppose that the new Code was intended to cut off that right, and at the same time to give to a lienor the right, previously denied to him, of moving to set aside an attachment for irregularity in an action to which he is not a party. And yet the construction contended for by the appellant's counsel would work that result. We think the intent of the new Code is to permit a lienor to move to vacate an attachment which stands in his way, on any ground formerly open to him, or upon affidavits controverting those upon which the attachment was issued, but not upon the ground of irregularity.

These views render it unnecessary to consider the other questions argued by counsel, and lead to an affirmation of the order.

Present—MULLIN. P.J., TALCOTT and SMITH, JJ.

Order affirmed, with ten dollars costs and disbursements.